Chicago Title and Trust Company and Kenneth Black-
    man Cannon, Appellees, v. Lelah F. Morey, Appel-
    lant.

Gen. No. 8,957.

Opinion filed July 6, 1935.

JOHN T. RICHARDS and IRVING B. CAMPBELL, both of Chicago, for appellant.

ROBERT G. EARLEY and ROBERT L. KEMLER, of Chicago, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellees, as trustees under the last will and testament of Francis Homer Blackman, deceased, filed their bill on August 3, 1934, in the circuit court of Kane county, for the construction of the will of said deceased. The testator executed his will on Oct. 27, 1930. He died on Nov. 8th, following. He was about 85 years of age. Appellee, Kenneth Blackman Cannon, was his only heir at law. The testator was the owner of considerable stocks and bonds, which yielded him a comfortable annual income. Among his holdings were 2,231 shares of preferred stock of the Republic Steel Corporation, upon which the annual dividends amounted to $13,386. The deceased had been a doctor, and appellant, Lelah F. Morey, had been his housekeeper.

The testator provided for the payment of his debts and funeral expenses. He next devised and bequeathed to his grandson, Kenneth Blackman Cannon, certain of his household and personal effects. The remainder of his entire estate, he devised and bequeathed to appellees, as trustees. He provided that said trustees should have full power to manage and control the corpus of

the trust, sell any part thereof at such time as they deemed best, and to invest and reinvest the principal and the proceeds of the trust as and when they chose. He further provided that the trustees should receive and collect dividends and income arising from the trust until the final termination thereof. In substance, the trustees were given unlimited power and discretion as to the management of the trust, the same as the testator might do, if living. The testator next provided that the trustees should pay the costs, expenses, taxes and assessments chargeable against the estate, and that from the income from the trust estate, they should pay themselves reasonable compensation for their services as trustees.

The testator next made three provisions with regard to a gift of income. He first provided for the payment of $400 per month to his grandson, Kenneth Blackman Cannon, until he should reach the age of 40 years. He next provided for the payment of $100 per month to his brother, Gilbert Taylor Blackman, of South Dakota. He next provided for the payment of $100 per month to the appellant herein, Lelah F. Morey, who had been his "faithful housekeeper."

The time came, shortly before the filing of this bill, when the income from the trust estate was insufficient to make the above payments. The appellant demanded that the trustees should pay her $100 per month regardless of the income from the trust estate, and in case of its insufficiency, that such amount each month be paid her from the corpus of said estate. Whereupon, appellees brought this suit asking that the court construe the will with reference to whether the above named sums were to be charged upon the corpus of the estate, or charged to the income therefrom. The further question was presented, whether the monthly payments were cumulative and chargeable against subsequent income of the estate. The trial court decreed

that the payments were not charges upon the corpus of the estate, and were to be paid solely from income therefrom. He further decreed that any arrears in such monthly payments were to be cumulative and paid from the income of said trust estate as soon as such income became sufficient. Lelah F. Morey prosecutes this appeal from the decree of the court. Kenneth Blackman Cannon prosecutes his cross appeal, urging that that portion of the decree is erroneous which provides that arrearages in monthly payments are cumulative, and payable out of subsequent income. Appellant filed in this court her motion to dismiss such cross appeal, which motion was taken with the case, and for the purposes of this opinion, is denied.

As stated in the case of *Halderman v. Halderman,* 342 Ill. 550, at page 553, "It has been so many times stated as to require no citation of authority, that the cardinal purpose in the construction of a will is to determine the intention of the testator. In this the court is conferring no right and limits no privilege. . . . The intention of the testator is not what a testator by a perfectly drawn will might have intended, but what did this testator in this will intend. . . . In the construction of a will, courts are expected to, and do, endeavor to find what the testator intended." In the disposition of this case, we shall first give our consideration to the source from which the testator intended the monthly payments to be made. These payments totaled the sum of $600. Paragraph "F" of the will, which is the next expression of the testator immediately following the granting of these payments, is as follows: "The excess, if any, over the sum of Six Hundred Dollars ($600.00), per month of the income of my said trust estate and after all expenses of this trust shall have been paid, shall form a contingent fund, and may, if deemed proper by my said Trustees, be used for the benefit of said Kenneth Blackman Cannon or

the same may be added to the principal of said trust estate in the discretion of my said Trustees." There is no other place in the will where any money is bequeathed or directed paid to anyone, except in the three paragraphs immediately preceding said paragraph "F."

It will be noted that the testator immediately after providing for the three monthly payments to the three persons named, begins the next paragraph of his will (paragraph "F") with the words, "The excess, if any, over the sum of Six Hundred Dollars ($600.00) per month of the income of my said trust estate. . . ." No other reasonable conclusion can be reached than that the testator in mentioning the sum of $600 had in mind the three monthly payments provided for in the will. The testator after providing that "the excess, if any, over the sum of Six Hundred Dollars ($600.00) per month," uses the following words: "Of the income of my said trust estate. . . ." We are of the opinion that no other reasonable conclusion can be reached than that the testator meant that such sum of $600 per month was to be derived from the income of his trust estate.. He also provided that the trustees should sell, invest, and reinvest the funds of the trust together with the excess income therefrom, after making the payments of $600 per month. This would indicate that the testator did not contemplate that these payments should be a charge upon the corpus of the estate.

The question frequently arises as to whether a provision in a will shall be construed as a gift of income dependent on the production of such income, or construed as an annuity. The intention of the testator as manifested by the terms of his will, must control in this respect. Annuities may be made a charge upon the corpus of the estate or they may be a charge to the income therefrom. Alexander, Commentaries on

Wills, vol. 2, p. 994, sec. 665; Page on Wills, sec. 607, p. 703. An annuity payable out of income from an estate cannot be paid from the principal thereof. *Einbecker v. Einbecker,* 162 Ill. 267. In this case the annuity was payable ''out of the moneys so arising from the estate.'' The court there construed this to mean from the income of the estate. We are of the opinion that it is equally manifest from the terms of the will in the instant case that the monthly payments as therein provided for were intended by the testator to be payable out of the income from the estate. His estate was producing an income equal to two or three times the amount of the payments provided for. With these facts in mind, he made provision for disposition of the excess over $600 a month of the income therefrom. It is often difficult to determine whether an annuity is to be paid from the corpus of an estate or only from the income thereof. As stated in the case of *Einbecker v. Einbecker, supra,* on page 273 of the opinion, ''Each case will depend largely upon the meaning of the words used by the testator in his will.'' As above stated, the question becomes one to be decided upon the language used by the testator. We think it apparent, from an examination of the testator's will as a whole, that he did not anticipate that the income of his estate would be insufficient to yield the amount of the monthly allowances. We are of the further opinion that it was the intention of the testator, manifested from his will, that such allowances were to be paid out of the income from the estate, and were not intended to be charges upon the principal thereof.

It is insisted by appellant that since the testator provided that at the conclusion of the trust, the rest, residue, and remainder of same should be paid to his grandson, Kenneth Blackman Cannon, or in case of his previous demise, to his heirs at law or devisees, that such indicated an intention on the part of the

testator that the trust fund was to be contingent and not continued in its integrity during the time fixed, and that this should give rise to a construction that the corpus thereof could be used for making the payments, when the income was insufficient. We are not of the opinion that the testator had any contingency of this nature in mind, nor are we of the opinion that the instrument as a whole is susceptible to such a construction. The testator had lived many years. He was a country doctor. By years of endeavor and fortunate investments, he had built up a very respectable estate. It consisted of marketable securities such as stocks and bonds. It must be presumed that he was aware of the fact that the market values of such securities were subject to constant fluctuation, and that the basic values changed from time to time, depending upon business conditions existing in that particular field of industry. Realizing this, he provided by his will that his trustees should have the power to handle the trust estate as fully and completely as he might do himself. We are of the opinion that the contingency the testator had in mind in referring to the time of the termination of the trust was that whatever remained of the corpus of the trust as it originally existed, together with all of the new, changed, and added assets, whether the total value was more or less than in the beginning, should go to his grandson. The testator must have understood the hazards and risks incident to the management of a trust fund such as this. He therefore gave his trustees full power to take whatever action they thought best, to increase the value of the trust, or to protect and save it from loss, by liquidating the entire trust or any part thereof, at any time. We believe that any contingency connected with the disposition of the trust upon the day of its termination, was based upon changes in the nature of the trust assets, and the ever changing market values thereof,

anticipated by the testator, and over which he knew the trustees had no control.

Where a will contains directions that an annuity or gift of income shall be paid out of the profits and income of a trust estate, the corpus of the estate cannot be charged therewith unless a contrary intention appears in the will. *Irwin v. Wollpert,* 128 Ill. 527; *Einbecker v. Einbecker, supra; DeHaven v. Sherman,* 131 Ill. 115.

When the income from a trust estate is insufficient to pay an annuity payable therefrom, any arrearages so occurring are charges upon subsequent accumulations of income, unless the will expresses a plain intent to the contrary; and such surplus income will be paid to the annuitant upon satisfaction of the previous deficiencies. Alexander, Commentaries on Wills, vol. 2, sec. 665, p. 995; *Reed's Estate,* 236 Pa. St. 572; *In re Chauncey,* 119 N. Y. 77, 23 N. E. 448, 7 L. R. A. 361; *In re Hardy,* 86 N. J. Eq. 405, L. R. A. 1917 E 578 (see annotations thereto, pp. 583, 595).

We are of the opinion that the trial court was correct in its construction placed upon this will in regard to the foregoing matters. The decree of the trial court is therefore affirmed.

*Decree affirmed.*