Neva P. Fate, Appellant, v. Marian Louise Fate and Wilbur George Fate, Appellees.

Gen. No. 9,269.

Opinion filed April 28, 1938.

HERGET & HOFFMAN, of Peoria, for appellant; ROSCOE HERGET, of counsel.

HUGH E. WILSON, of Peoria, guardian *ad litem* for appellees Marian Louise Fate and Wilbur George Fate.

MILLER, ELLIOTT & WESTERVELT, of Peoria, for appellees Mayme Fate, Grace Fate and Lena Fate.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This suit arose from a proceeding brought by the trustees of a trust under the will of John R. Fate, deceased, asking among other things for a construction of the third paragraph of said will. The testator and appellant, prior to their marriage, entered into an antenuptial agreement wherein among other things it was provided that in case appellant survived the testator she should receive the sum of $50 per month during her lifetime. The antenuptial agreement was made in April, 1912. Subsequently the parties were married. In December, 1919, the testator executed his will, wherein by said paragraph three he provided as follows:

"During the life of my wife, the net income from my estate, except as otherwise herein disposed of, shall be distributed at least once in each calendar year as follows: My trustee shall pay to my wife the sum of Two Hundred Dollars ($200.00) a month, which shall include the Fifty Dollars a month agreed to be paid to her in prenuptial agreements heretofore executed by us. Out of the remainder of the net income, there shall then be paid to my nephew and nieces, namely, Mayme Fate, Lena Fate, C. Ivan Fate and Grace Fate, the sum of Fifty Dollars per month each, and, in case of the death of either of them leaving descendants, the descendants shall take of the income the share the parent would have taken if living.

"The balance of the net income shall be divided into two shares, one-half of which shall be paid to my wife and the remaining one-half to said nephew and nieces as above provided."

The net income from the trust proved insufficient to pay the sum of $200 per month to appellant. However she was paid such income as was realized therefrom, which exceeded the sum of $50 per month. No distribution of any of the income was made to the other named annuitants. In 1936, the trustees under the will, filed their petition setting up among other things that

the net income of the trust had been insufficient to pay to appellant the sum of $2,400 per year; that no distribution of income had been made to any of the other named annuitants; and that the income from the trust estate was now increasing so that it would exceed the sum of $2,400 per year. The petition then set up that appellant was claiming the arrearages in her payments were cumulative and a charge upon subsequent surplus income, and that she should be paid in full from such surplus income for all arrearages, before any distribution of income was due the other named annuitants. The trustees asked that the court construe the provisions of the will with reference to the distribution of the net income as provided therein. The court construed the provisions of the third paragraph of the will to be, that it was not the intention of the testator to make any of the payments from the net income cumulative so that a deficiency occurring in any one year would be a charge against future surplus earnings. This finding was in no way effective against appellant as to the $50 monthly payments provided for in the antenuptial agreement.

The widow, Neva P. Fate, prosecutes this appeal from the decree of the court and urges for reversal that part of the decree which found the arrearages upon her monthly or annual payments, not to be cumulative, and in finding that the only payment of money to her that was cumulative was the sum of $50 per month as provided for in the antenuptial agreement. She urges that under the rule as announced in *Chicago Title & Trust Co. v. Morey*, 281 Ill. App. 219, the trial court was in error in holding the arrearages not to be a charge upon subsequent surplus income.

Testamentary instruments providing for the periodical payment of money by trustees from a trust fund often present perplexing questions—questions whether such payments are payable out of the income solely,

in complete exoneration of the corpus—whether arrearages are cumulative and payable out of subsequent surplus earnings—and whether such payments are charges upon the corpus for any insufficiency from income to satisfy them in full. In the case of wills, the governing power is the intention of the testator. His is the property given. The beneficiaries are but the objects of his bounty and must submit to that which is provided for them. Therefore we need only concern ourselves with the intention of the testator as expressed directly or as made manifest from a consideration of the will itself. In this respect there are well fixed rules of construction which will be followed.

The term annuity is commonly used to denote the periodical payment of money to a certain person, irrespective of whether such payments are, in the legal sense, an annuity proper, a rent charge, or a gift out of the income of a trust fund. There is no contention here that the arrearages are a charge against the corpus of the trust. The question presented is, whether such arrearages are cumulative and payable from subsequent surplus income of the trust. In the determination of this question it is necessary to. take into consideration whether the payments provided for are a charge on income generally, and if the terms of the will permit of an accumulation of surplus income, or if the entire income is disposed of in such manner as to prevent the accumulation of surplus earnings. In this instance, the testator provided by the paragraph of his will in question, as follows: ''During the life of my wife, the net income from my estate, except as otherwise herein disposed of, shall be distributed at least once in each calendar year as. follows.'' (Here follows the provisions for annuities to the beneficiaries.) Next appears the following provision: ''The balance of the net income shall be divided into two shares, one-half of which shall be paid to my wife

and the remaining one-half to said nephew and nieces as above provided." From the foregoing it is apparent that the annuities provided for are in fact but gifts out of the income of the trust fund, and it is equally apparent the testator did not intend that any surplus income should accumulate with which arrearages could be paid.

Where a will after providing for the payment of certain annuities from an income of a trust fund, expressly disposes of all surplus income, such a thing as undisposed surplus income is not possible. Hence the effect of such a provision in a testator's will prevents any accumulation of surplus income from which arrearages can be paid. Under such circumstances, the testator's intention that there shall be no such accumulation, is considered manifest. Here the testator, after providing for the payment of the annuities, expressly disposes of all surplus income. Therefore the rule urged by appellant is not applicable under the facts in this case.

Here the trustees have paid to appellant from the income of the trust, the sum of $2,400 per year, or so much thereof as the income amounted to. There has never been any disposition or payment from income to any of the other four named annuitants. The appellant contends there is a balance due her of $12,496.61 for arrearages and that she is entitled to have all income of the estate in excess of $2,400 a year applied upon the satisfaction of these arrearages before the other named beneficiaries shall be entitled to receive any payment under the will. The distinction in the rule applying to this nature of case and such as existed in the *Chicago Title & Trust Co. v. Morey, supra,* is, that in the one instance the gifts from income are charges generally against the income with the possibility under the terms of the will for surplus income from the trust to accumulate. Under such circumstances,

arrearages will be made good from subsequent surplus income unless the testator clearly indicates to the contrary. In the instant case, however, the will by express terms prevents the accumulation of surplus income from which any arrearages can be paid.

Appellant relies upon the above case of *Chicago Title & Trust Co. v. Morey,* and appellees rely largely upon the *Appeal of Brewster,* 12 Atl. 470, decided in 1888. That case as well as many others, recognizes the rule to be that where a testator bequeaths gifts from income of a trust fund to named persons, and makes provision for the total distribution of all excess income over that provided for by the annuity provisions, no deficit could be made up from any surplus income in after years, because the specific directions of the will make such a thing as undisposed surplus income an impossibility, and therefore there could be nothing from which such arrearages could be paid.

A collection of cases from various jurisdictions, illustrative of the application of the rules of construction in cases such as the instant one, and such as existed in the *Chicago Title & Trust Co. v. Morey, supra,* will be found in L. R. A. 1917 E 580, *et seq.*

The decree of the trial court is affirmed.

*Decree affirmed.*