### In the Matter of the Estate of DORA HAYMAN, Deceased.

Surrogate's Court, New York County, December 5, 1941.

*Lachman & Goldsmith Henry Hofheimer* of counsel], for the petitioner.

*Louis J. Wolff,* for the respondent.

*Stephen J. Jarema,* special guardian.

FOLEY, S. The principal question in this accounting proceeding is whether a grant of authority to the trustees to invade the

principal of the trust created in the fourth paragraph of the will, is mandatory or discretionary.

In this paragraph of the will the testatrix gave to her trustees ten per cent of her estate, not exceeding, however, the sum of $15,000, with directions to pay the net income thereof in quarterly installments to Carrie Hirsch, who had been her maid. She further declared that if the net income so payable to the beneficiary during any year shall not amount to $750, then " I authorize and empower " the trustees to pay her from the corpus of the trust the difference between the net income received by her and the sum of $750.

The balance of the estate was bequeathed outright to her grand-nephew, James H. Romberg, who is also the remainderman of the trust for the life of Carrie Hirsch. In the seventh paragraph of the will the testatrix made an alternative disposition of the residue in the event that her grandnephew predeceased her. Since he has survived her, the alternative provisions are significant only in so far as they shed light upon the intention of the testatrix in the use of other language in the will. In the contingency stated, the residue of the estate (except for an outright cash legacy) was to be set up in separate trusts for the issue of James H. Romberg. The trustees were *authorized and empowered* to pay the income from each trust to the beneficiary thereof " annually or at such other times as in the sole discretion of my said Trustees shall seem advisable." Under certain contingencies no income was to be paid the beneficiaries during their minority. In the event that James H. Romberg predeceased the testatrix, leaving no issue, the will provided: " I hereby authorize and empower and direct my Executors and Trustees to distribute my residuary estate * * * to such charities as they in their uncontrolled discretion shall deem proper."

In the eighth paragraph of her will the testatrix has employed language which, it is claimed, indicates her purpose to make the invasion of the principal of the Carrie Hirsch trust discretionary with the trustees. It reads as follows: " I hereby authorize and empower my Trustees hereinafter named, at any time or times and from time to time, to use the principal, in whole or in part, of any trust herein created for the benefit of the *cestui que* trust, but such application of principal or interest and such payment, transfer, conveyance or delivery of principal or interest shall rest completely and solely in the absolute discretion of my Trustees, which discretion, the exercise of or refusal to exercise such discretion, shall not be subject to question, interference, modification, direction or review by any beneficiary, residuary legatee, devisee or by any Court or person whatsoever and the decision of my Trustees shall be final, conclusive and not subject to justification or review."

In *Matter of Carr* (176 Misc. 571) the same problem was before me for determination. There I pointed out that the words " authorize and empower " (p. 573) may bear varying interpretations depending upon the intent of the testator as gathered from the entire will. An examination of the language of the will made it abundantly clear in that case that the testator intended that the power of invasion of the corpus was to be mandatory. The will now before the surrogate in the present proceeding requires the very same conclusion.

There is ample evidence in the will here that the testatrix intended the provision in the fourth paragraph of the will for invasion of the principal of that trust to be an imperative direction and not a discretionary power. In other clauses of the will, some of which are quoted above, where the testatrix desired to repose discretion in her trustees, she did so in terms express and unmistakable.

The language used in the eighth paragraph of the will does not qualify this imperative direction. Unless the eighth paragraph is interpreted as applying solely to the residuary trusts, its provisions are in direct conflict with the fourth paragraph of the will. The provision in the later clause that the trustees have complete discretion in the matter of paying interest to the beneficiary cannot be reconciled with the direction in the earlier paragraph that income was to be paid quarterly. The limited right of invasion of principal granted in the fourth paragraph and the unrestricted right later authorized are in direct conflict. However, when paragraph eighth is read as if it were a part of the seventh paragraph, all conflict vanishes, the testamentary intent becomes clear, and all provisions of the will are in harmony.

The surrogate, therefore, holds that the provision in the fourth paragraph of the will for invasion of the principal of the trust fund, is mandatory and that the trustee must pay to the beneficiary each year from the corpus of the trust the difference between the net income paid to her and the sum of $750.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit decree on notice construing the will and settling the account accordingly.