### CURRY v. COMMISSIONER OF INTERNAL REVENUE.

No. 8979.

Circuit Court of Appeals, Seventh Circuit.

Nov. 29, 1946.

Robert L. Elliott, Jr., Addison L. Gardner, and Robert C. Barney, all of Chicago, Ill., for petitioner.

Douglas W. McGregor, Sewell Key, Helen R. Carlos, Hilbert P. Zarky, Department of Justice, and J. P. Wenchel and John W. Smith, Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

 This is a petition to review a decision of the Tax Court approving the Commissioner's assessment of additional taxes against petitioner for the years 1938, 1939, 1940 and 1941. The sole question presented is whether income received by the taxpayer in those years was, to the extent of $10,000 annually, an annuity or bequest within the meaning of Section 22(b) (3) of the Revenue Act of 1938 and of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3). If the testator who made provision for the payment of income to the taxpayer from the trust created by his will intended that the payments should come from the income of the trust estate and that power to invade the corpus for her support should lie within the discretion of the trustees, it is clear that the gift was one of accruing income which is included in her taxable income. Section 162(b) of the Revenue Act of 1938 and of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 162(b); Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897; Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365. If on the other hand, as the taxpayer contends, the testator intended that the taxpayer should receive at all events an annuity of $10,000; that any deficit in that amount should be payable out of the corpus whenever in any year the trust income should be less than $10,000 and that the trustees should have no discretion in the matter, then the gift of $10,000 a year was a bequest of property exempt from income taxation under Section 22(b) (3). Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365; Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534; Union Trust Co. v. Commissioner, 7 Cir., 111 F.2d 60, certiorari denied 311 U.S. 658, 61 S.Ct. 12, 85 L.Ed. 421.

 Inasmuch as the intent of the testator must be determined by an examination of his will as a whole, (Chicago Title & Trust Co. v. Morey, 281 Ill.App. 219; Moody Bible Institute v. Pettibone, 289 Ill.App. 69, 6 N.E.2d 676), it becomes necessary for us to consider the instrument.

 The will, after making certain minor bequests, provided in Article V, that the residue of the estate should be held in trust and, in Section 1 of Article V, that "All the net income each year of the general trust estate commencing from the date of my death and continuing so long as my said wife shall live shall be paid to my said wife, * * * so that * * * my said wife shall be assured of receiving out of the income of the trust not less than $25,000. In the event for any year the income of said general trust estate shall be less than $10,000, then and in that event the Trustees shall have the right to apply the principal of said trust estate in an amount which, together with said income, will equal $10,000 for the maintenance and support of my wife, it being the intention hereof that the income of the trust estate only shall be used as hereinabove in this section provided, except in the event said income shall for any year fall below $10,000." On its face this section clearly indicates that if the income in any year should be below $10,000 the trustees were to "have the right" to apply the principal of the estate in an amount which together with said income would equal $10,000. The plain import of this language, in the absence of necessary implications otherwise, was to bestow upon the trustees only a discretionary power to invade the corpus of the trust. The Tax Court found nothing in the instrument to alter this prima facie evidence of the intention of the testator.

The testator expressed no positive direction that the trustees should be under duty to apply the principal when the income was less than $10,000. In other portions of the will the testator gave imperative directions. In the same Article, his expression is "shall pay" or "shall be paid." In Section 2 of Article V are found positive directions that the trustees "shall divide" and "I direct that * * * shall be immediately paid." In Section 4 are provisions that the trustees "shall transfer and deliver" and "shall distribute," and in Section 5 the testator explicitly directs the trustees to do certain things, several times using the term "I direct." In Section 6 the testator conferred upon the trustees power to invest,

reinvest and manage. There again he used permissive language, stating that the trustees "shall have the power at their discretion" to sell, assign and transfer all personal estate and "power to change investments and to invest and reinvest"; that they "may purchase the bonds" of any corporation; that they "shall have the right to purchase real estate mortgages" and that they "shall have the right to purchase municipal bonds."

It seems obvious to us that the testator exhibited a clear understanding of how to differentiate between the imposition of a mandatory duty and the creation of discretionary authority; that when he intended that the taxpayer's rights should not be limited by the discretion of the trustees he employed apt expressions of mandatory character and that when he intended the power of the trustees to be discretionary, he used equally apt terms to express such an intention. Upon examination and consideration of the entire instrument we find nothing implied thereby which would change the expressed discretionary power of the trustees to a mandatory duty.

Petitioner cites various cases as persuasive of the construction for which she contends but we think those cases must be distinguished upon the ground that the peculiar language involved in each was convincing of an intent to create a mandatory duty. Thus, in Frank H. Mason Trust v. Commissioner, 6 Cir., 136 F.2d 335, 336, the testator expressly stated that his purpose was "To insure, 'beyond any reasonable question,' the payment of the annuities." In the Matter of Carr, 176 Misc. 571, 28 N.Y.S.2d 12, 14, the language of the testator was: "I do hereby specifically authorize and empower * * *." The court found that, inasmuch as the settlor had clearly used the same language elsewhere to describe mandatory duties of the trustees and when vesting them with discretion, had used other language, the intent of the whole instrument was to create a mandatory duty. Similar is In the Matter of Hayman, 178 Misc. 12, 32 N.Y.S.2d 812. Obviously the instrument before us must be construed according to its own provisions. Whatever may have been the proper construction of the documents involved in cases cited by petitioner, they do not go so far as to persuade us to read into the will here any implication of the imposition of a mandatory duty upon the part of the trustees to invade the corpus of the trust estate.

The decision of the Tax Court is affirmed.