THE BRIDGEPORT-CITY TRUST COMPANY ET AL., TRUSTEES (ESTATE OF DAVID F. READ) *v.* MURIEL R. LEEDS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 7—decided October 30, 1947

*Bradford Boardman,* for the named defendant.

*Gregory C. Willis,* with whom, on the brief, was *Lorin W. Willis,* for the defendant Clarence O. Lister, Administrator.

*Huntley Stone,* with whom, on the brief, was *W. Parker Seeley,* for the defendants The Bridgeport Hospital et al.

ELLS, J. The trustees of a trust created by the will of David F. Read of Bridgeport brought this action to the Superior Court to obtain a decree as to the proper construction of the trust provisions and a direction as to the manner in which they should execute them. The case was reserved to this court for advice, upon a stipulation of facts.

The testator died in 1914 and his will was duly admitted to probate. He made numerous bequests of a relatively minor nature, and, in article twenty-four, placed the residue of the estate in trust during the lifetime of his niece Muriel A. Read, now Muriel

Read Leeds, with direction "(2) To pay over out of the net income of said trust estate to the said Muriel A. Read each year during her lifetime, the sum of Five thousand (5,000) dollars, said payment to be made in equal monthly installments"; "(3) To pay over to the said Ann Kerwin, if she be in my employ at my decease, out of the net income of said trust estate remaining each year during her lifetime, until the termination of said trust, the sum of Seven hundred and twenty dollars (720), said payment to be made in equal monthly installments"; (4) to pay over certain sums to two other persons whose rights have now ceased to exist; (5) to pay over to six charitable or ecclesiastical institutions, in stated proportions, "the annual net income of said trust estate remaining after the payments provided in section 2, 3 and 4 of this article."

The amount distributed to the trustees was $316,-155.73, together with income which accrued during the settlement of the estate in the amount of $39,-197.18. During the decade 1934 to 1944, the net income was not sufficient to permit the trustees to pay $5000 each year to Muriel, or the amount due to Ann Kerwin, who died in 1942. These deficits, if such they may be called, were, respectively, $10,791.68, and $6960. The charitable and ecclesiastical organizations received no payments during the ten-year period. For the trust estate fiscal year ending April 28, 1945, there is a surplus of net income from the trust estate after paying $5000 to Muriel, and this situation may reasonably be expected to continue in future years during the lifetime of the trust.

The defendant Muriel contends that she is entitled to receive payment in full at the rate of $5000 each trust year for such years as she received less than that amount before any surplus net income in excess

of $5000 a year is distributed to any of the other defendants. The administrator of the estate of Ann Kerwin claims that the trust provision should be construed as meaning that Ann Kerwin should receive $720 for each year during her lifetime, subject only to the prior claim of Muriel A. Read. The corporations claim that the income given to Muriel and to Ann Kerwin is on a yearly basis and was not intended or stated to be cumulative in effect.

We have frequently stated the fundamental rule, but perhaps we have not expressed it more succinctly than in what is apparently the first reported case on the subject, in 1791. "It is an agreed principle of law as well as of reason, that in the construction of wills, the intent of the testator is to govern, provided his intent is consistent with the general policy of the law; and that his intent is to be collected from the will." *Holmes* v. *Williams,* 1 Root 332, 333. We have necessarily elaborated the rule by bringing in, as an aid to construction, the surrounding circumstances, and have said that "In seeking to determine this intent, we examine the language of the entire will in the light of the circumstances which surrounded the testator at the time he executed it, the real question being, not what did the testator mean to say, but what did he mean by what he did say." *Swole* v. *Burnham,* 111 Conn. 120, 122, 149 A. 229.

The testator did not provide for the payment of possible deficiencies in annual income out of other or after-acquired income. It is significant that he provided for the appropriation of the whole of each year's income in excess of the annuity to Muriel, leaving no undisposed-of fund. He deals with each year's income as a separate entity and disposes of it fully and completely. Certainly there is no expressed intent that deficiencies in one year's pay-

ments should be made up from excess income available in future years. There could be no such excess, for the testator placed the fund on an annual basis and provided for its complete distribution each year. The payments to Muriel are directed to be paid out of the net income to her each year, as are the payments to Ann Kerwin. The "annual" net income remaining is directed to be paid to the various charitable organizations. The underlying plan of the will, to treat the income as annual and to dispose of it in its entirety each year, plainly indicates that the testator was actually speaking of annual income when he directed the trustees to pay $5000 to Muriel out of the net income each year. See *Appeal of Brewster,* 7 Sadler (Pa.) 604, 12 A. 470, cited in *Comstock* v. *Comstock,* 78 Conn. 606, 612, 63 A. 449, the only Connecticut case which is particularly helpful in reaching a decision upon the present question. A distinguishing factor is that in the *Comstock* case the trustees were directed to pay to the beneficiary "out of the net annual income." However, we decided the case wholly upon the reasoning that, as here, the underlying plan of the will is clearly one which deals with each year's income as a separate entity and disposes of it fully and completely. Ibid. The reasoning of the *Comstock* opinion was followed, and the case cited, in *Equitable Trust Co.* v. *Pyle,* (Del. Ch.) 34 A. 2d 361. See also *Fate* v. *Fate,* 295 Ill. App. 271, 276, 14 N. E. 2d 890. The decisions stress the fact that, as the will provides for a complete disposition of the income each year, there can be no surplus out of which deficiencies can properly be paid. The defendants Muriel and the administrator have cited no adjudicated cases in support of their contention. Cases reaching a conclusion contrary to that we have stated, like those cited in *Comstock* v.

*Comstock,* supra, 613, are in most instances, if not in all, distinguishable.

The defendant Muriel and the administrator of the estate of Ann Kerwin urge us to employ the general rule of law that, in the case of an annuity out of income, deficiencies in income in any one or more years should be made up out of surplus income available in subsequent years unless the provisions of the will clearly indicate a contrary intention. 69 C. J. 944. A sufficient answer is that the testator has clearly indicated a contrary intention.

A more substantial argument advanced by these defendants relates to the surrounding circumstances. At the date of the execution of the will, the testator was unmarried and had only one close relative living, namely, Muriel. She was the daughter of his only brother, with whom he had been closely associated in business and family relationships. He was very fond of Muriel. Ann Kerwin was in the testator's employ as a housekeeper and had been employed by him for many years. The estate was large, and for twenty years after his death there was an abundant income. There was a dearth of income during the subsequent decade. It may be that he would have provided for this contingency had he foreseen it. He did not do so, and the court cannot add language to his will to express what the testator's desires might have been had he anticipated future circumstances. This action is "for the construction of the will as made, not the making of a more desirable or just will." *Brinsmade* v. *Beach,* 98 Conn. 322, 330, 119 A. 233. We cannot make a will for the testator. *Duncan* v. *Higgins,* 129 Conn. 136, 145, 26 A. 2d 849. "We must determine the testator's intent by his language and the circumstances then existing, with no attempt to provide for changes in circum-

stances then unanticipated. Such subsequent events cannot affect the construction of a will." *New Britain Trust Co.* v. *Stoddard,* 120 Conn. 123, 126, 179 A. 642.

The first question upon which our advice is asked is as follows: "Is the defendant Muriel Read Leeds entitled to payment in full at the rate of $5000 each trust year for such years as she received less than said amount before any surplus is distributed to any of the other defendants?" We answer "No." To a similar question propounded regarding the estate of Ann Kerwin, we answer "No."

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.