Josephine H. Adam, Appellant, v. Charles H. Albers, as Receiver, etc., et al., Appellees.

**Gen. No. 47,365.**

First District, First Division.
September 29, 1958.
Released for publication October 23, 1958.

109

 █ 

Robert E. Dunne and Donald P. Vail, of Chicago, for appellant.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago (Georges H. Dapples, Stewart Dixon, of counsel) for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal was taken from that portion of a decree of the Circuit Court of Cook County which construed a will. The question involved is whether, under a trust created by a will which provides for a gift of money to be paid monthly during the lifetime of the beneficiary out of the income of the trust estate, such payments should be cumulative, and as to whether the trustee should, out of surplus income subsequently accruing, make up deficiencies in the amount accruing during years when the income was insufficient.

The case grew out of the will of Kate L. Hurlbut, who died in 1930. From the evidence it appears that the testatrix in 1906 married a Mr. Hurlbut, a widower and the father of two children, William N. and Josephine (now Josephine H. Adam, the plaintiff herein). At the time of the marriage William was 17 years old, and Josephine was about 7 years old. Kate Hurlbut had been a friend of Mr. Hurlbut's first wife and knew the children from the time of their birth. After the marriage William N. Hurlbut went to college and after-

ward went into business in New York. Josephine was raised by her stepmother, Mrs. Hurlbut, and in 1925, two years after the death of her father, married. Her husband is a furniture upholsterer by trade and has been sick most of their married life, and at the time of the trial was in very bad health. Josephine at the time of the trial was working part time and had worked a good deal during her married life because of her husband's illness. From the evidence it appears that Josephine as a young woman had been somewhat flighty and financially irresponsible with wild, selfish ideas, but a few years after her marriage, and before the death of Kate Hurlbut, had settled down and had become a good wife and a useful member of society. No children were born to Josephine. William had five children, who are the respondents to this proceeding.

The will in question was dated September 11, 1924, and after providing for the payment of debts gave $5,000 to each of four nieces and then by the fifth clause thereof, in the event the plaintiff Josephine survived the testatrix, bequeathed the residue to William N. Hurlbut, his successor or successors, in trust. That trust was for the benefit of Josephine and was intended to provide an income for her from the trust res. William N. Hurlbut did not accept the appointment under the will as original trustee, and distribution was made by the executor to the successor trustee named in the will, and it and its successor acted as trustee from April 1931 to April 1937. In 1937 a proceeding was brought in the Circuit Court, and as a result thereof William N. Hurlbut was appointed successor trustee and acted as such until his death on February 4, 1956.

In September, 1956, Josephine H. Adam, the plaintiff herein, filed a petition in the Circuit Court case seeking the appointment of a new trustee, an accounting from the deceased trustee and a construction of the will to determine the money due her thereunder. In the course

111

of the proceedings the American National Bank and Trust Company was appointed successor trustee, an accounting was filed and approved for deceased successor trustee William N. Hurlbut and he and his estate were discharged from any liability as trustees. In the said decree the court construed the will of the testatrix and denied the claim of the petitioner Josephine H. Adam for any purported deficiency in income up to the date of the decree, and the court further decreed that the accumulated surplus income from time to time accruing in the administration of the trust estate has been properly accumulated for the benefit of the respondent children of William N. Hurlbut in accordance with subparagraph 2 of clause 5 of the will, and the American National Bank and Trust Company as successor trustee was authorized and directed to place in trust for the said children any remainder or surplus of income remaining in the hands of the said trustee at the end of any annual period after paying Josephine H. Adam the sum of $100 per month during the said year. This appeal is taken from that part of the decree which denies relief to the plaintiff and construes the will.

Subparagraph two of the fifth clause of the will is as follows:

"2. After the payment of all expenses and legal deductions in the management of my said estate, the said trustee shall, and he is hereby authorized, empowered and directed to pay out of the income derived by him from said estate to my step-daughter, Josephine Hurlbut, the sum of One Hundred ($100) Dollars in each and every month for and during her natural life, and all the rest, residue and remainder of said income from said estate shall be invested or placed in trust for the children of said William N. Hurlbut."

Subparagraph three of the fifth clause provided that upon the death of her stepdaughter, Josephine, the trust created for her benefit should terminate and

112

the trustee was empowered to invest the income for the benefit of the children of William N. Hurlbut and to divide the trust estate among them when the youngest reached the age of twenty-one. The sixth clause provided that if Josephine did not survive the testatrix's death, the residue previously referred to in subparagraph two of the fifth clause should go to the children of William to be held in trust until the youngest child should have reached the age of twenty-one. The seventh clause appointed William N. Hurlbut trustee and Central Trust Company of Illinois successor in trust, and directed that the trustee and his successors should account annually to the beneficiaries and that he should furnish a bond.

Prior to the appointment of William N. Hurlbut as successor trustee by the Circuit Court in April, 1937, the trust estate had not produced enough distributable income to pay plaintiff $100 per month, and the arrearages amounted to $3,895.40. For many years after the appointment of William the income was insufficient to pay the $100 per month. After William's appointment, in 1946 he invested the trust estate in common stock of the International Paper Company, of which William was vice president. That stock increased in value, and raised the principal of the trust estate from an original amount of about $15,000 to some $100,000 at the time of his death. The value of the stock after his death declined, and at the time of the hearing in April, 1957, the trust estate in the hands of the American National Bank and Trust Company, the present trustee, was in the neighborhood of $85,000.

Beginning with 1949 the distributable trust income reached the sum of $100 a month and has exceeded that sum in each and every year since. For several years, 1949, 1950 and 1951, the trustee, William, paid plaintiff less than $1200 per year, with the difference placed in a savings account for her. Beginning in 1952 and from

that time forward she received the $100 per month from the trust estate, save in January, 1956, when she received only $50. William from the time of his appointment until the time of his death did not make any accounting, nor did the respondents Central Republic Trust Company or Charles H. Albers, its receiver, a respondent herein, until the plaintiff filed her petition in the fall of 1956 seeking an accounting and other relief.

During the period when William N. Hurlbut was trustee the plaintiff's income deficiency amounted to $6,432.68. That amount, plus the amount of $3,895.40, which had accrued prior to his appointment, would make a total of $10,328.08. The plaintiff's claim in her petition is that under the will it was the intention of the testatrix that the $100 monthly payment to Josephine was a charge upon all distributable income earned by the trust during her life, and that consequently she is now entitled to have paid to her the sum indicated out of the income presently accrued and to hereafter accrue during her lifetime, and it is further claimed that since some of this income has been invested by the trustee in securities, the plaintiff claims her right on a final account to take such securities at cost in lieu of money.

The court in construing the will must ascertain the intention of the testator as expressed in his will, considering the will fully and completely in the light of surrounding circumstances. Page on Wills, 2nd Ed., Vol. 1, Sec. 804. The purpose of the will is ordinarily to make a complete disposition of the entire estate of the testator according to some definite pattern or plan. In order for the court to properly construe a will it must be placed in the position of the testator and have a full knowledge of all the facts existing at the time when the will was written. In the instant case the evidence clearly shows that the testa-

114

trix had a very deep affection for Josephine, whom she had raised as a daughter from the age of seven, and this is borne out by the pattern followed in the will. The primary purpose of the will was to provide for Josephine during her lifetime. Outside of certain specific bequests the entire will is devoted to that end. The residue of the estate was put in trust for that purpose, and the trust was to continue until the death of Josephine. Subparagraph two of the fifth clause of the will provided that the trustee should pay out of the income derived from the said estate the sum of $100 in each and every month to Josephine for and during the term of her natural life. This constituted an annuity. As was said in Fate v. Fate, 295 Ill. App. 271: "The term annuity is commonly used to denote the periodical payment of money to a certain person, irrespective of whether such payments are, in the legal sense, an annuity proper, a rent charge, or a gift out of the income of a trust fund."

Arrearages in an annuity may be a charge either against the trust estate or against the surplus income subsequently accruing from such estate. Here there is no contention that the arrearages are a charge against the trust estate. The corpus of the trust was bequeathed to the children of William N. Hurlbut after the death of Josephine and after the youngest of such children had reached the age of twenty-one. Whether the trustee should apply the surplus income of subsequent years to make up deficiencies in the annuity in the previous years also depends upon the intent of the settlor of the trust, in this case the testatrix (Bogert, Trusts and Trustees, Vol. 4, Part 1, Sec. 813); and in 3 C. J. S. Annuities, sec. 5(c) it is stated that if the income out of which an annuity is to be paid fails in any year or years the arrears of the annuity are to be paid out of subsequent accumulations unless the intention of the donor to the contrary is clearly shown.

115

■

The will provided that the trustee pay Josephine out of the income derived from the estate $100 in each and every month for and during her natural life. It is not provided anywhere in the will that the $100 per month to be paid in any one year shall be paid out of the income from the trust estate accruing in that same year. Subparagraph 2, however, further provides that "all the rest, residue and remainder of said income from my said estate shall be invested or placed in trust for the children of said William N. Hurlbut." Nothing is said in that paragraph concerning when the surplus income should be so invested or earmarked by the trustee. The only provision in the will concerning the time when this money shall be placed in trust for the said children is contained in subparagraph 3, which provides: "Upon the death of my said stepdaughter, Josephine Hurlbut, the said trust herein created for her benefit shall terminate *and the said trustee shall be empowered to invest the income for the benefit of the children of William N. Hurlbut . . . .*" (Italics ours.) A fair construction of these paragraphs together would be that it was the intention of the testatrix that Josephine H. Adam should receive the sum of $100 per month during her entire life from the income of the estate and that in case the income was not sufficient to make such payments the deficiency should be made up from any excess income subsequently accruing during her lifetime. Such a construction is not only the most logical, but the only construction which could be given to the language contained in the paragraphs. It is unambiguous and plain.

■ However, the defendants argue that because clause seventh of the will directs the trustee or his successors to account annually to the beneficiaries named in the will that therefore it must be considered that it was the intent of the testatrix that the time for determining whether or not there was any surplus

116

should be fixed at the end of each and every year and that the surplus received in good years could not be used to make up deficiencies which had occurred in lean years. Where it is sought to change a provision in the will by a subsequent provision in the same will the latter must be clear and unambiguous and particularly so when the provision which it is sought to change is definite and clear. A direction to account does not of necessity carry with it any requirement of an annual distribution. Under our construction of clauses five and six of the will it would be proper for the trustee to show in his account the disposition of any surplusage in the income to make up for prior deficiencies in the annuity payable to Josephine. There is nothing in the will which would militate against the plan of the testatrix to provide for Josephine during her entire life.

The defendants agree that an annuitant may claim to have the arrearages of lean years made up out of the income surplus of good years unless that surplus has been effectively disposed of so that it is unavailable and cannot be reached. But they contend that in this case the income is expressly disposed of and made unavailable. In order to reach that conclusion it would be necessary to hold that the requirement of annual accounting by the trustee as provided for in clause seventh in and of itself required an annual disposition of the surplus funds. We cannot follow that reasoning, and we hold that the petitioner Josephine H. Adam is entitled to have the accrued deficiency in her annuity made up out of any surplus in the income from the trust estate which may accrue during the term of her natural life. The defendants in support of their contention have cited several Illinois cases. In DeHaan v. DeHaan, 309 Ill. 323, the will provided for the payment by the trustee of the net income to certain designated beneficiaries. The trust was to continue for a period

117

of ten years. The will further provided that the trustee should render an annual accounting. The question before the court was as to whether the income should be paid annually or whether the trustee might retain the entire income for a period of ten years before making distribution. The court held that the direction to the trustee "to divide the net income" when considered with the provision for an annual accounting in clause three indicated that the distribution was to be made annually. The question raised here was not involved therein. In Fate v. Fate, 295 Ill. App. 271, the will provided that the trustee should distribute the net income from the estate "at least once in each calendar year," $200 a month to testator's wife, and that out of the remainder of the income $50 monthly "shall then be paid to my nephews and nieces," naming them. The will then provided that the balance of the net income shall be divided into two shares, one-half of which shall be paid to my wife and the remaining one-half to said nephews and nieces. The court held, considering this language, that it was apparent the testator did not intend that any surplus income should accumulate with which arrearages could be paid. In Murphy v. Graham, 349 Ill. App. 44, the will directed the trustees to make certain payments out of the net income of the trust estate to his wife and others, and then provided that all of the net income remaining in the hands of the trustees at the end of each year after paying the foregoing annuities in full should be paid over to a designated beneficiary. The court held, after considering the disposition of the property of the testator, that in its opinion the testator had adequately provided for his family and that in the light of all the circumstances he meant that each year was a separate period for paying the beneficiaries and that they were to be paid only out of the income collected that year. In First National Bank of Chicago v. Cleveland Trust

118

Co., 308 Ill. App. 639, the will directed the trustee to pay from the net income from the trust estate monthly certain sums to certain persons and then further provided that if there were any income remaining out of the trust estate after the payments so provided for had been made, such remaining income shall be paid over and distributed in semi-annual installments to such persons as testator's wife may by her last will designate. None of these cases present anything even faintly resembling the situation we have in the case before us.

 In any case precedents in determining the testator's intention as expressed in his will stand on a much different footing than they do in ordinary cases. In Cahill v. Michael, 381 Ill. 395, the court said:

"There are certain fundamental rules which govern the construction of wills. And at the outset we may say that cases upon the construction of wills do not have the controlling force of precedents that they do in other cases for the reason that the form of a will does not follow a common standard, such as do deeds, leases, contracts and other similar written documents, but a will is a writing found in a great variety of forms, and executed under circumstances peculiar to each individual case. Walker v. Walker, 283 Ill. 11; Smith v. Garber, 386 id. 67."

See Page on Wills, 2nd Ed., Vol. 1, Sec. 807. In Stahl v. Emery, 147 Md. 123, 127 Atl. 760, it was said that "no will has a twin brother."

Those portions of the decree of the Circuit Court in which it denies the claim of the petitioner Josephine H. Adam for any purported deficiency in income and in which it decrees that the accumulated surplus income which from time to time accrued in the administration of the trust estate was properly accumulated for the benefit of the respondent children of William N. Hurlbut in accord with the provisions of subparagraph 2 of clause 5 of the said instrument, and in which

119

it directs the American National Bank and Trust Company of Chicago be authorized and directed to place in trust for the children of William N. Hurlbut any remainder or surplus of income remaining in the hands of the said trustee at the end of the annual period over and above the amount of the $100 per month annuity to Josephine H. Adam are reversed, and the cause is remanded with directions for the court to determine the amount due Josephine H. Adam under her claim in accordance with the views herein expressed and to direct the successor trustee to pay such amount to her out of the surplus income presently accrued and which may further accrue during her lifetime. In all other respects the decree is affirmed.

Affirmed in part, reversed in part and cause remanded with directions.

ROBSON and SCHWARTZ, JJ., concur.