GRACE L. SWOLE, ADMINISTRATRIX, C. T. A. (ESTATE OF FRANCES A. MERRILL) *vs.* FRANCES BURNHAM ET AL.

*Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 30th—decided March 3d, 1930.

*George W. Crawford,* for the plaintiff.

*L. Horatio Biglow, Jr.,* with whom, on the brief, was *Rollin U. Tyler,* for the defendants.

HAINES, J. This appeal calls for the construction of the second and third clauses of the will of Frances A. Merrill which read as follows:

"2nd. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and where-

* Transferred from the First Judicial District.

soever I order and direct to be divided into three equal parts or shares which I give and bequeath to my nieces Eliza Evelena Kelsey, Ida M. Platt and Grace L. Kelsey, share and share alike.

"3rd. "If either of my said nieces shall before such division, have died leaving lawful issue, such issue to receive the parents share; but if there is no issue then such share to be divided among the surviving nieces."

The testatrix died July 15th, 1929, possessed of both real and personal estate, and her will was probated July 31st, 1929. The executor named in the will having predeceased the testatrix, Grace L. (Kelsey) Swole was appointed administratrix *c. t. a.* and duly qualified. The first two of the three nieces named in clause two of the will, viz.: Eliza Evelena Kelsey and Ida M. Platt, predeceased the testatrix, the former without issue, and the latter leaving a son, the defendant Merrill K. Platt. In addition to those named in the will, the deceased had five other nieces, all of whom survived her, viz.: Frances Burnham, Minnie Kelsey, Sarah Buell, Charlotte Valentine and Ida Hawkins.

The following questions are submitted to us: (a) Do the five nieces of Frances A. Merrill, not mentioned in paragraphs 2nd and 3rd of her will, to wit, Frances Burnham, Minnie Kelsey, Sarah Buell, Charlotte Valentine and Ida Hawkins, share in her estate? (b) Is the share given under said will to Eliza Evelena Kelsey distributable to all the surviving nieces of said Frances A. Merrill? (c) To whom is said share of Eliza Evelena Kelsey distributable? (d) Is the entire residue of said estate distributable to Grace L. Swole and to Merrill K. Platt, son of Ida M. Platt? (e) To what proportionate shares of the residue of said estate, are the respective distributees entitled?

The cardinal rule of testamentary construction is the

ascertainment and effectuation of the intent of the testator, if that be possible. If this intent, when discovered, has been adequately expressed and is not contrary to some positive rule of law, it will be carried out. *Hartford-Connecticut Trust Co.* v. *Lawrence*, 106 Conn. 178, 181, 182, 138 Atl. 159; *Beardsley* v. *Johnson*, 105 Conn. 98, 102, 134 Atl. 530; *Wolfe* v. *Hatheway*, 81 Conn. 181, 184, 70 Atl. 645; *Zimmerman* v. *Mechanics Savings Bank*, 75 Conn. 645, 647, 54 Atl. 1120.

In seeking to determine this intent, we examine the language of the entire will in the light of the circumstances which surrounded the testator at the time he executed it, the real question being, not what did the testator mean to say, but what did he mean by what he did say. *Weed* v. *Scofield*, 73 Conn. 670, 677, 49 Atl. 22; *Ruggles* v. *Randall*, 70 Conn. 44, 48, 38 Atl. 885; *Wolfe* v. *Hatheway*, 81 Conn. 181, 185, 70 Atl. 645.

The last-named requirement confines us, in the present case, pretty closely to the simple language employed in the will, for we manifestly have little assistance from known facts surrounding the testatrix at the time her will was executed. We do know that at that time she had eight nieces, and she selected three of them by name as the recipients of her bounty. It is also apparent that her primary intent was to divide her residuary estate into three equal shares, giving one share to each of the three nieces so selected. Had none of them died, no question would probably have arisen, but the death of two of them before her own death, requires us to ascertain, if possible, what she intended should be done in such a contingency.

This takes us to the third clause of the will: "If either of my said nieces shall before such division, have died . . ." It is clear that in the use of the words

"said nieces" the testatrix referred, not to the defendant nieces, but to the three named in the second clause. If one died, there would be two survivors, and if two died, one survivor. The sentence in which she used the term "said nieces" is a compound sentence, the second half of which uses the term "surviving nieces." Without unwarranted violence to the language, and we think to the intent of the testatrix, we could not hold that she had any other nieces in mind than the three to whom she unmistakably refers in the first part of the same sentence. We can find no warrant for the view that she meant one thing by the opening words of this sentence and an entirely different thing in its closing words. We are clear therefore that upon the death of one of the three nieces named, without issue, the share of that one was to go to the survivors. As matters stood therefore after the death of Eliza Evelena Kelsey in 1911, and before the death of Ida M. Platt in 1924, the estate would have been divisible between Ida M. Platt and Grace L. Kelsey in equal shares. When Ida M. Platt died, leaving a son, a new situation was created, and this contingency was provided for by the testatrix by saying, "such issue to receive the parents share." This raises the question, what was the "parents share" to which this refers? Was it the one third which Ida M. Platt would have taken if all the nieces had lived, or was it the share which she would have had, if she had survived Eliza Evelena Kelsey to the time of division? It seems to be assumed by the third question stated in the complaint, that perhaps the son of Ida would take one half the residuum, the same as Grace L. Kelsey Swole. This could only result, if we held that the "parents share" is to be determined by considering what Ida would have taken if she had survived Eliza and lived to the time of division. This theory has some degree of plausibility, but we

do not think it expresses the intent of the testatrix. The "share" of each of the three nieces was intended by the testatrix to be one third. If any one of the three were to die before the division and without issue, the will provides specifically that that "share" shall go to the survivors of the nieces,—"if there is no issue then such share to be divided among the surviving nieces." It does not provide that it go to the issue of any of them, and therefore to give any portion of the share of Eliza to this son of Ida—a nephew of the deceased niece—would be to do what the will does not authorize. Moreover, the share fixed by the will being one third, we think that is the "parents share" to which her issue is entitled, and that to make the intent of the testatrix effectual, Grace L. Kelsey Swole must receive two thirds and Merrill K. Platt one third of the residuum.

We therefore answer the questions propounded as follows: To (a) and (b), No. To (c), Grace L. Kelsey Swole. To (d), Yes. To (e), Grace L. Kelsey Swole two thirds and to Merrill K. Platt one third.

No costs will be taxed in this court for either party.

In this opinion the other judges concurred.