THE FIRST NATIONAL BANK AND TRUST COMPANY OF NEW HAVEN, TRUSTEE (ESTATE OF C. PURDY LINDSLEY) *v.* THE PARISH OF ST. THOMAS' CHURCH ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 4—decided July 20, 1954

*Richard H. Bowerman,* for the defendant Lindsley McChesney.

*Curtiss K. Thompson,* with whom, on the brief, was *John H. Weir,* for the named defendant.

DALY, J. Upon this reservation we are asked to construe the twelfth and fifteenth articles of the will

of C. Purdy Lindsley as modified by articles VI and VII of a codicil thereto. These paragraphs are set forth in full in the footnote.[1] The will was executed

[1]      "TWELFTH [OF WILL]"

"I give and bequeath the sum of One Hundred and Fifty Thousand Dollars ($150,000) to John J. McKeon, of New Haven, in trust, however, for the following purposes:

"1. I direct my trustee to hold and manage the same as a trust fund, and I authorize my trustee to invest and reinvest any funds in his hands in such securities as my said trustee may deem for the best interests of the trust fund without being limited to trust investments prescribed by the laws of the State of Connecticut.

"2. I direct my trustee to pay the net income quarterly to my sister, Caroline L. McChesney, of Troy, New York, during her natural life.

"3. I direct my trustee at the death of my sister, Caroline L. McChesney, to pay, turn over, transfer and deliver the principal of the trust fund, together with any accumulated or unpaid income thereon, to the Parish of St. Thomas's Church, in the City of New Haven, to be used for the following purposes in the following order:

"(a) To complete the erection and furnishing of the church edifice described in Article Eleventh of this will should the same not have been completed by payments from my residuary estate or by contributions from other sources during the lifetime of my sister, Caroline L. McChesney.

"(b) To purchase and install, in memory of my wife, Caroline Ackerman Lindsley, a rose window at the East end or in the chancel of the new church edifice, according to such plan and design, and subject to such cost and expense as may be determined by the Rector and Wardens of St. Thomas's Church.

"(c) To add the balance of the principal of the trust fund to 'The Caroline Ackerman Lindsley Fund' created in the residuary article of this will, or if the share of St. Thomas's Church in my residuary estate shall not be sufficient to complete the new church edifice described in Article Eleventh of this will providing for the establishment of such fund, then said balance of the principal of the trust fund shall be used to create 'The Caroline Ackerman Lindsley Fund,' the income to be used for the general purposes of the Parish of St. Thomas's Church in the City of New Haven."

"[CODICIL]"

"VI. I hereby revoke the gift made by Article Twelfth of my said will and substitute in place thereof the following:

"Twelfth

"I give and bequeath the sum of One Hundred and Fifty Thousand

on July 31, 1935. By article VI of the codicil, executed on February 23, 1937, the testator revoked the gift made by the twelfth article of the will and substituted a new article twelfth, and by article VII of

Dollars ($150,000) to John J. McKeon, of New Haven, in trust, however, for the following purposes:

"1. I direct my trustee to hold and manage the same as a trust fund, and I authorize my trustee to invest and reinvest any funds in his hands in such securities as my said trustee may deem for the best interests of the trust fund without being limited to trust investments prescribed by the laws of the State of Connecticut.

"2. I direct my trustee to pay the net income quarterly to my sister, Caroline L. McChesney, of Troy, New York, during her natural life, and I give my said sister, Caroline L. McChesney, the power to dispose of One Hundred Thousand Dollars ($100,000) of the principal of said fund by will, and I direct that my said trustee shall, upon her death, pay One Hundred Thousand Dollars ($100,000) of the principal of said fund, free from this trust, to such person or persons as the said Caroline L. McChesney shall, by her last will and testament, duly executed, direct and appoint.

"3. I direct my trustee at the death of my sister, Caroline L. McChesney, to pay, turn over, transfer and deliver the balance of the principal of the trust fund to the Parish of St. Thomas's Church, in the City of New Haven, to be added to the principal of the 'Caroline Ackerman Lindsley Fund' of the Parish of St. Thomas's Church created in Section 2 of Article Fifteenth of my said will as altered by this codicil."

"FIFTEENTH [OF WILL]

"I direct my Executor to divide all the rest, residue and remainder of my property, both real and personal, of whatsoever nature and description and wheresoever located into two equal shares, and I give, devise and bequeath said equal shares as follows:

"1. I direct my Executor to pay, turn over, transfer and deliver one of said equal shares to John J. McKeon, of New Haven, as Trustee, to be added to the principal of the trust fund created by Article Twelfth of this will for the life use of my sister, Caroline L. McChesney, to be administered and distributed according to the provisions of said Article Twelfth.

"2. I direct my Executor to pay, turn over, transfer and deliver one of said equal shares to The Parish of St. Thomas's Church, in the City of New Haven, to be used for the following purposes and in the following order:

"(a) To complete the erection and furnishing of the church edifice described in Article Eleventh of this will, and if the entire cost of

the codicil he revoked the gifts made by the fifteenth article of the will and substituted a new article fifteenth.

The following facts have been stipulated: The testator, a resident of the town of New Haven, died a widower on March 29, 1937. His only heir at law and next of kin was a sister, Caroline L. McChesney. Also surviving was a nephew, the defendant Linds-

erection and furnishing of this church edifice is paid by me in my lifetime or under the provisions of this will, I direct that the church edifice shall be a memorial to my wife, Caroline Ackerman Lindsley.

"(b) To establish 'The Caroline Ackerman Lindsley Fund' in memory of my wife, the income to be used for the general purposes of the Parish of St. Thomas's Church in the City of New Haven."

"[CODICIL]

"VII. I hereby revoke the gifts made by Article Fifteenth of my said will and substitute in place thereof the following:

"Fifteenth

"I direct my Executor to divide all the rest, residue and remainder of my property, both real and personal, of whatsoever nature and description and wheresoever located, into two equal shares, and I give, devise and bequeath said equal shares as follows:

"1. I direct my Executor to pay, turn over, transfer and deliver one of said equal shares to John J. McKeon, of New Haven, as trustee, to be added to the principal of the trust fund created by Article Twelfth of my said will as altered by this codicil, for the life use of my sister Caroline L. McChesney, to be administered and distributed according to the provisions of said Article Twelfth as altered by this codicil.

"2. I direct my Executor to pay, turn over, transfer and deliver the remaining equal share to the Parish of St. Thomas's Church, in the City of New Haven, to be used for the following purposes and in the following order:

"(a) To purchase and install, in memory of my wife, Caroline Ackerman Lindsley, a rose window at the east end or in the chancel of the new church edifice to be erected under the provisions of my said will as altered by this codicil, according to such plan and design, and subject to such cost and expense as may be determined by the Rector and Wardens of the Parish of St. Thomas's Church in the City of New Haven.

"(b) To establish the 'Caroline Ackerman Lindsley Fund' in memory of my wife, the income to be used for the general purposes of the Parish of St. Thomas's Church in the City of New Haven."

ley McChesney, the son of Caroline. The will and the codicil were admitted to probate on April 1, 1937. John J. McKeon, the executor and trustee named in the will and codicil, qualified in the Probate Court in both capacities. Under article twelfth of the will as modified by the codicil there was distributed to and then administered by him as trustee the sum of $150,000. Under article fifteenth of the will as modified by the codicil the residuary estate, aggregating approximately $113,689.35, was distributed as follows: one half, or $56,844.67, to the defendant The Parish of St. Thomas' Church, and the other half, or $56,844.68, to McKeon as trustee under the will and codicil. The latter amount was then administered by McKeon as trustee, and the net income on the trust properties created under articles twelfth and fifteenth of the will as modified by the codicil was paid to Caroline L. McChesney, the life beneficiary.

McKeon died on November 10, 1947, and on December 16, 1947, the Probate Court accepted and allowed an account of his doings as trustee to the date of his death. The plaintiff qualified and was appointed successor trustee of the trust. Cash and securities amounting to approximately $206,387.93 were delivered to it. Since then, the plaintiff, as trustee, has administered the trust properties and paid the net income to Caroline L. McChesney. It now has in its hands cash and securities, constituting the corpus of the trust fund, of an aggregate market value of approximately $271,000. Caroline L. McChesney, the sister and next of kin of the testator and the life tenant of the trust, died on July 28, 1953, leaving a will, dated May 10, 1937, which was admitted to probate on or about August 28, 1953, in a Surrogate's Court in the state of New York. The pertinent portions of her will are set forth in

the footnote.[2]  The trust estate is now ready for distribution by the plaintiff as trustee.  Questions have arisen and claims have been made as to the construction, validity and effect of the twelfth and fifteenth articles of the will as modified by the codicil.  The questions propounded are printed in the footnote.[3]

[2] "SECOND:  I give and bequeath to my son, Lindsley McChesney, of the City of Troy, New York, the sum of One Hundred Thousand ($100,000.00) Dollars, said sum being that portion of a certain trust fund created for my benefit by Article Twelfth of the Will and Codicil of C. Purdy Lindsley, of New Haven, Connecticut, and dated respectively July 31st, 1935, and February 23, 1937, by the provisions of which I am given the power to dispose of by Will.

"THIRD:  I give and bequeath to my son, Lindsley McChesney, of the City of Troy, New York, the further sum of One Hundred Thousand ($100,000.00) Dollars, in addition to the sum of One Hundred Thousand ($100,000.00) Dollars given and bequeathed by Paragraph 'Second' of this, my Will, said sum being that portion of a certain trust created for my benefit by Article Fifteenth of the Will and Codicil of C. Purdy Lindsley, of New Haven, Connecticut, and dated respectively July 31, 1935, and February 23rd, 1937, by the provisions of which I am given the power to dispose of by Will.  In the event that the said share of one-half of the residue of the estate of the said C. Purdy Lindsley, so given to me, in trust, for my life, by the said Article Fifteenth of said Will and Codicil, shall be less than the sum of One Hundred Thousand ($100,000.00) Dollars, I give and bequeath to the said Lindsley McChesney the whole thereof."

[3] "(1) Does Article VII of the codicil create a separate trust of one-half of the residuary estate, subject to the same provisions as the trust created under Article VI of the codicil, and subject also to a power of disposition by will over $100,000 in Caroline L. McChesney additional to and separate from her power of disposition by will over $100,000 of the trust created under Article VI of the codicil?

"(2) If Article VII of the codicil does not create a separate trust, but adds one-half of the residuary estate to the corpus of the trust created by Article VI of the codicil, does the language of said Article VII of the codicil . . . mean that a second power of disposition by will in Caroline L. McChesney over the portion of the trust represented by one-half of the residuary estate was created in addition to and separate from her power of disposition by will over $100,000 of the trust under Article Twelfth of the will as modified by Article VI of the codicil?

"(3) If either questions (1) or (2) is answered in the affirmative,

As both defendants agree that the answer to question (1) is "No," there is no necessity for any discussion of it. By the second question we are asked whether the language of article fifteenth of the will as modified by article VII of the codicil means that a second power of disposition by will in Caroline L. McChesney over the portion of the trust represented by one-half of the residuary estate was created in addition to and separate from her power of disposition by will over $100,000 of the trust under article twelfth of the will as modified by article VI of the codicil. The defendant Lindsley McChesney claims that the answer to this question should be in the affirmative. He relies, largely, on the use, in paragraph 1 of the residuary clause (the fifteenth article of the will as modified by article VII of the codicil), of the words "to be added to the prin-

is Lindsley McChesney, beneficiary of the powers of disposition exercised and purporting to be exercised by Caroline L. McChesney in her will . . ., entitled to receive both (a) $100,000 of the trust fund of $150,000 created by Article Twelfth of the will of C. Purdy Lindsley . . . as modified by Article VI of his codicil . . . and (b) the value finally determined to be represented by one-half of the residuary estate held in trust up to $100,000?

"(4) If the first three questions above be answered in the negative, do the provisions of Articles VI and VII of the codicil . . . taken together mean that one-half of the residuary estate was to be added to and become a part of the corpus of the trust under Article Twelfth of the will . . . as modified by the codicil, thereby enlarging the fund subject to the power of disposition of $100,000 by will in Caroline L. McChesney created by Article VI of said codicil, but not enlarging that power of disposition or creating a second power of disposition?

"(5) If question (4) be answered in the affirmative, is Lindsley McChesney, beneficiary of the powers of disposition exercised and purporting to be exercised by Caroline L. McChesney in her will . . ., entitled to receive only $100,000 of the trust fund of $150,000 created by Article Twelfth of the will of C. Purdy Lindsley . . . as modified by Article VI of his codicil . . .?

"(6) If question (5) be answered in the affirmative, is the Parish of St. Thomas' Church entitled to receive the remainder of the trust fund?"

cipal of the trust fund created by Article Twelfth of my said will as altered by this codicil, for the life use of my sister Caroline L. McChesney, to be administered and distributed according to the provisions of said Article Twelfth as altered by this codicil." He emphasizes the word "distributed" and the fact that the word "provisions" is in the plural.

"The cardinal rule to be followed in construing a will is to find and effectuate the intent of the testator. . . . In seeking that intent, the court looks first to the will itself. . . . It examines the words and the language used in the light of the circumstances under which they were written. . . . It studies the will as an entirety. . . . The quest is to determine the meaning of what the testator said and not to speculate upon what he meant to say." *Chase National Bank* v. *Guthrie,* 139 Conn. 178, 182, 90 A.2d 643; *Hoenig* v. *Lubetkin,* 137 Conn. 516, 519, 79 A.2d 278; *Swole* v. *Burnham,* 111 Conn. 120, 121, 149 A. 229. Article VI of the codicil altered the twelfth article of the will, for the benefit of Caroline L. McChesney, to the extent of giving her the power to dispose of $100,000 "of the principal of said fund by will." That the testator did not intend, by article VII of the codicil, to give her an additional power of disposition is clear from the language used. The power of disposition given in article VI of the codicil follows, in the same sentence, the direction to the trustee to pay the net income of the trust fund to her during her life. In article VII of the codicil, the use of the words "for the life use of my sister Caroline L. McChesney," with no additional power of disposition stated, signifies that a second power of disposition was not intended. We cannot supplement the testator's expressed intent by reading into the will as modified by the codicil a provision which is

without support in its terms. *Willis* v. *Hendry,* 130 Conn. 427, 436, 35 A.2d 207. The words after "fund" appearing in paragraph 1 of the new article fifteenth set forth in article VII of the codicil identify the fund to which one-half of the residuary estate was to be added and of which Caroline L. McChesney was to have the life use.

"In most cases a residuary clause, where there are other definite and important bequests, cannot be taken as the primary and principal factor determinative of testamentary intent; it is a catch-all, a refuse group, a provision which operates after the operation of the other provisions of a given will; its logical position is the same as its local position, at the end of the testamentary process, not at the beginning." *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 328, 130 A. 483. The clearly expressed intent of the testator was that one-half of his residuary estate should be added to the principal of the trust fund set up under the provisions of article twelfth of the will as modified by article VI of the codicil and that the total fund so created should be administered as one fund, the income and principal thereof to be distributed as directed in that article twelfth as modified. A second power of disposition by will in Caroline L. McChesney, in addition to and separate from her power of disposition by will over $100,000 of the trust under article twelfth of the will as modified by article VI of the codicil, was not created.

Question (3) is not answered, since it calls for an answer only if either question (1) or question (2) is answered in the affirmative.

The provisions of articles VI and VII of the codicil, taken together, mean that one-half of the residuary estate was to be added to and become a part of

the corpus of the trust under article twelfth of the will as modified by the codicil, thereby enlarging the fund subject to the power of disposition of $100,000 by will of Caroline L. McChesney, but not enlarging that power of disposition or creating a second power of disposition. The defendant Lindsley McChesney is entitled to receive only $100,000 of the trust fund. The defendant The Parish of St. Thomas' Church is entitled to receive the balance of it.

In their briefs, the parties have argued the question of the proper allowance and allocation of counsel fees. Inasmuch as this issue is not involved in any of the questions propounded in the reservation, we will not pass upon it.

The answer to each of questions (1) and (2) is "No." The answer to each of questions (4), (5) and (6) is "Yes." Question (3) will not be answered.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.