[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE
This motion to strike seeks to strike certain counts of the plaintiff set forth in plaintiff's Reasons For Appeal.
Reasons for appeal have been held subject to a demurrer and therefore they are subject to a motion to strike, Eliot's Appeal, 74 Conn. 586, 589 (1902), Berkeleyv. Berkeley, 152 Conn. 398, 402 (1965).
1
The first reason for appeal states that the probate court ruled a jointly held bank account of the decedent was not includable in the probate estate but vested in the survivor at the time of the decedent's death. It is stated "such account should have been included in the decedent's probate estate."
The second reason for appeal makes the same allegations regarding certain jointly held stock which were held not includable in the estate of the decedent but held to have vested in the survivor. Again it is claimed "such stock should have been included in the decedent's probate estate."
Under our rules each pleading must contain a statement of the material facts on which the pleader relies; the pleading must fully disclose the grounds of the claim on the basis of the facts alleged, P.B. § 108. If a complaint is inadequate in this respect it is subject to a motion to strike whereby a party can contest the legal sufficiency of the allegations of the complaint (here reasons for appeal). After a motion to strike is filed it is not sufficient for a party to "flesh out" his complaint by factual and legal representations made in a memorandum opposing the motion to strike.
The plaintiff has not pleaded any facts negating the CT Page 5227 statutory presumption of ownership to which co-owners of a joint bank account are entitled. Section 36-3 C.G.S merely memorializes a legal principal as to joint deposits and accounts which should in reason apply to any jointly held property including stocks. The plaintiff has failed to allege any facts which would indicate the joint interest in stock was anything but the result of a voluntary act.
Finally, although in its brief the plaintiff argues that the court is not being asked to transfer title but asking that the executors be required to account for the property as fiduciaries, that is not apparent from a reading of the complaint. The Superior Court in these matters acts only with the powers of probate court. It is the generally accepted rule that "probate jurisdiction is concerned with the devolition [devolution] at death of the property of the deceased but is not concerned with the settlement of conflicting claims of title between the estate and third persons." Conn. Estates Practice Wilhelm, 205 page 301. Neither is this rule confined to questions of title to real estate. Superior Electric Co. v. Burski,24 Conn. Sup. 446, 447, 449 (1963).
The motion to strike is granted as to the first and second reasons for appeal.
2
The defendants have also moved to strike the third, sixth, seventh and eighth reasons for appeal. In Reason 3 the plaintiff states the probate court incorrectly ruled that the fiduciaries didn't breach their duties by unreasonably or unnecessarily delaying the settlement of the estate. The plaintiff advances the same theory in arguing the probate court erred in finding no fiduciary duties were violated by not expeditiously liquidating the estate (Reason 6) and that there had been no self-dealing by the fiduciaries (Reason 7). The plaintiff in Reason 8 asserts the probate court improperly ruled that the fiduciaries had not breached their duty of diligence by failing to take prudent action with respect to possible environmental issues regarding certain estate properties.
As to all these reasons for appeal the defendants allege that the plaintiff "cites no specific acts of the CT Page 5228 Executors which is alleged to be in violation of their fiduciary duties . . .". The defendants then proceed to discuss all the reasons allegedly brought out on in probate court as to why the executors did not violate their fiduciary duties in the ways alleged. The defendants' motion to strike these counts is a "speaking demurrer" seeking to assert facts outside the pleadings which is not allowed under our practice, Connecticut StateOil Co. v. Carbone, 36 Conn. Sup. 181 (1979). Unlike the 1st and 2nd reasons for appeal cognizable claims for relief are asserted and "technical rules as to the formation and determination of issues are not properly applicable to reasons of appeal from probate", McKinnon v. Burke,25 Conn. Sup. 285, 289 (1964).
The motion to strike Reasons For Appeal 3, 6, 7 and 8 is denied.
3
The defendants have also moved to strike the Fourth, Fifth and Ninth Reasons For Appeal. The Fourth Reason challenges the ruling of the probate court that the fiduciaries had demonstrated the need for the reserve reflected in their account. Reason 5 questions the ruling of the court that the amount of the reserve reflected in the fiduciaries account should be increased. Reason 9 contests the court's finding that the fiduciaries had not unfairly distributed household items.
As to the Fourth and Fifth Reasons for Appeal the defendants claim the plaintiff is not an "aggrieved person" under § 45a-186 C.G.S.A. The claim is made that the reserve is "merely an accounting entry" that "neither creates nor diminishes any of the property rights of the beneficiaries." Several cases are cited apparently on the general issue of what it means to be "aggrieved." Petteev. Hartford Connecticut Trust Co., 105 Conn. 595, 605
(1927), Setaro v. Pernigotti, 105 Conn. 685 (1927), Lengev. Goldfarb, 169 Conn. 218, 220 (1975).
The Lenge case says "to qualify as an aggrieved person the plaintiff must have a pecuniary interest in the subject matter of the decree or order and that pecuniary interest must be adversely affected by the decree or order from CT Page 5229 which the appeal is taken," id at page 221.
As the plaintiff notes the establishment of a reserve may not affect the plaintiff's long-term right of possession of his share of the reserve but establishing such a reserve will delay the "right to actual possession of the money which has a time value", cf fact situation noted in Smith v. Hood, 143 Conn. 550, 555 (1956). The plaintiff does have a requisite pecuniary interest for appeal purposes.
As to the Ninth Reason for Appeal the defendants note that the monetary value of the household items in question amounts to $137,50. According to the defendants there can't be an "aggrieved party" absent something of significant value in dispute. Section 45a-186 doesn't speak of minimum monetary claims and cases such as Lenge
interpreting the statute merely speak of some "pecuniary interest."
The motion to strike the Fourth, Fifth, and Ninth Reasons for Appeal is denied.
4
In Reasons For Appeal 10, 11, 13, 14, and 18 the plaintiff appeals the probate court's failure to rule on various objections made to the court.
The plaintiff argues that by approving the final accounting despite the objections to which reference was made in the reasons for appeal the probate court did decide those issues "constructively." The plaintiff claims to be "appealing from omissions of necessary rulings in the decree complained of." But an appeal of a probate decree is a trial de novo and the particular rulings as such of the court are not reviewable. Section 45a-486 provides that only "any order, denial, or decree" by probate court may be appealed.
Although technical pleading rules are not necessary in probate matters the form in which these reasons for appeal are raised makes them subject to a motion to strike which is granted as to these reasons for appeal. CT Page 5230
5
The Twelfth Reason for Appeal is that the Probate Court failed to require a specific appraisal of the decedent's coin collection by date, mint mark and condition to be performed and reflected in the accounting, despite request for such an appraisal.
The defendants claim that § 45a-341 C.G.S.A. merely provides for an appraisal and notes there is no allegation that one was not done here. Also the plaintiff has not made a claim that the value inventoried is correct Finally they note that if there was an objection to the appraisal a hearing process is provided for in § 45a-343
C.G.S.A.
The defendants do in fact contest the appraisal and therefore the value placed on this property. The motion to strike merely says that all that is required is that an appraisal be done and it was done so no appeal lies. The court is not prepared to say an appeal will not lie from the appraisal based on this argument. A more difficult argument would be one that maintained that using the objection to appraisal procedure in § 45a-343 is a condition precedent to questioning the appraisal by way of appeal but this precise issue has not been raised in the motion to strike. It is unclear to the court as to whether this procedure was in fact requested or used. A request to revise should probably have been filed to properly raise this issue before the court.
6
The Fifteenth, Sixteenth, and Seventeenth Reasons for appeal allege the probate court wrongfully approved the fiduciaries' accounting despite their failure to present their accounting in such a way as to be reasonably and intelligently examinable, the fiduciaries improperly lumped together of many of the expenses under Schedule B-3 "Administration Expenses" without adequate explanation and the fiduciaries' failed to provide a separate detailed basis for compensation of the fiduciaries.
The defendants' claim in the motion to strike is that it is "in substantial compliance" with Rule 6 of the CT Page 5231 Probate Court Rules and all items in the account are self-explanatory or subject to review and explanation at that court's hearing on the allowance of the final account.
An approval of the account can be appealed from and Rule 6 is in large part advisory. The defendants motion to strike again requires the court to take into account matters not part of the pleadings. Also a motion to strike is not the proper vehicle to resolve factual disputes regarding claims made by the plaintiff but only may test the legal sufficiency of a pleading. The motion to strike these counts is denied.
Corradino, J.